IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HENRY DARNELL TURNER                                               PLAINTIFF

v.                             Case No. 6:24-cv-06070

BRANDY PRINCE;
*Mailroom Supervisor*                                                     DEFENDANT

## ORDER

Before the Court is a Report and Recommendation filed on July 23, 2024, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8). Plaintiff filed objections. (ECF No. 9). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On May 20, 2024, Plaintiff filed his complaint, alleging that Defendant Brandy Prince violated his constitutional rights while he was incarcerated in the Ouachita River Correctional Unit ("ORCU"). Plaintiff alleges that Defendant Prince, the ORCU mailroom supervisor, "mishandled or destroyed" two copies of his habeas corpus petition. (ECF No. 1, at 4). As a result, Plaintiff argues that he was "denied the right to address the discrepancies to challenge and bring about social change," and "deprived [him] of the right to petition the court." (ECF No. 1, at 4-5). In support of his claim that Defendant Prince mishandled or destroyed Plaintiff's outgoing habeas corpus petition, Plaintiff alleges the following facts: (1) he gave Captain Evans the envelope containing his habeas corpus petition and a withdrawal to pay for postage, (2) Captain Evans signed and deposited the material, (3) Defendant Prince retrieved the mail and should have, but did not, properly post it. (ECF No. 1, at 5). Plaintiff alleges that he requested information about his envelope and Defendant Prince replied that she had "no recollection nor record of the legal

mail." (ECF No. 1, at 5). Plaintiff proceeds against Defendant Prince in her individual capacity. (ECF No. 1, at 5).

On July 23, 2024, Judge Ford conducted a preservice screening of Plaintiff Henry Turner's complaint and recommends that the Court dismiss Plaintiff's denial of access to courts and interference with legal mail claims without prejudice pursuant to 28 U.S.C. § 1915A. (ECF No. 8). On August 12, 2024, Plaintiff filed specific and timely objections to Judge Ford's recommendations. (ECF No. 9).

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). "When conducting a *de novo* review, the district court makes its own determinations of disputed issues

and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted).  The Court will conduct a *de novo* review in this case because Plaintiff filed timely and specific objections to the Report and Recommendation.  (ECF No. 9).

In his objections, Plaintiff realleges that Defendant Prince mishandled or destroyed his outgoing habeas corpus petition and "deprived him of his right" to habeas corpus.  Plaintiff argues that he has a constitutional right "to petition the court and to be free from interference of mail tampering."  (ECF No. 9, at 1-2).  Plaintiff also states that he was transferred in retaliation for filing the instant complaint.[1]

### A. Denial of Access to the Courts

Judge Ford recommends dismissal of Plaintiff's denial of access to courts claim because Plaintiff does not allege that he suffered any prejudice or actual injury because of Defendant Prince's conduct.  The Court respectfully disagrees.

Plaintiff alleges that Defendant Prince mishandled or destroyed his habeas corpus petition, thus denying Plaintiff of his First Amendment right of access to the courts.  "Tampering with legal mail can implicate both the Sixth Amendment right to counsel and the First Amendment right of access to the [c]ourts."  *McCutcheon v. Lupinacci*, No. 3:24-cv-03003-TLB-MEF, 2024 WL 667642, at *2 (W.D. Ark. Jan. 29, 2024), *report and recommendation adopted*, No. 3:24-CV-3003, 2024 WL 666482 (W.D. Ark. Feb. 16, 2024).  Under the First Amendment, inmates have a constitutional right of access to the courts that guarantees their ability to file lawsuits to appeal

---

[1] Plaintiff states in his objections that "out of retaliation for filing this complaint against [Defendant] Prince [he] was immediately transferred from the (ORCU) despite all [his] earlier attempts" for transfer.  (ECF No. 9, at 1).  The Court will not address Plaintiff's retaliation claim here because he did not allege it in his complaint in the instant suit. However, Plaintiff may file another lawsuit alleging his retaliation claim against the appropriate defendants.

3

their convictions, petition for habeas corpus, and to challenge the conditions of their confinement. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996).

An inmate alleging a violation of his access to the courts, however, must show actual injury. *Cody v. Weber*, 256 F.3d 764, 768 (8th Cir. 2001) (citing *Lewis*, 518 U.S. at 351). To prove actual injury, the prisoner must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (citing *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). A prisoner may demonstrate actual injury by showing that he "was actually prevented from filing a complaint, or a filed complaint was dismissed for lack of legal adequacy." *Id.* (affirming the district court's dismissal when the plaintiff only alleged that he was prevented from filing because he did not know what arguments to make); *see also Knox v. Livermore*, No. 5:15-CV-5035, 2016 WL 5339692, at *1 (W.D. Ark. Sept. 23, 2016) (finding that the destruction of an inmate's legal papers (case files) amounted to an actual injury).

The Court finds that Plaintiff has alleged an actual injury. Judge Ford states that Plaintiff alleges "only that he lost property and time and was not able to bring about social change," however Plaintiff also alleges that his petition for habeas corpus was never mailed to the court and that he was "deprived" of his "right to petition the court." (ECF Nos. 8, at 4; 1, at 4-5). In his objection, Plaintiff further alleges that "there was no record documenting the mail leaving [indicating that] it never left the (ORCU) mailroom." (ECF No. 8, at 2). At this stage of litigation, the Court must assume the factual allegations of a complaint as true and draw reasonable inferences in favor of the plaintiff, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), especially when evaluating a *pro se* complaint. *See Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (citations omitted) (directing courts to hold *pro se* complaints to less stringent standards than

formal pleadings drafted by lawyers). Accordingly, the Court finds that Plaintiff has alleged enough facts to support his denial of access to the courts claim.

### B. Interference with Legal Mail

Judge Ford recommends that Plaintiff's interference with legal mail claim under the Sixth Amendment right to counsel be dismissed because Plaintiff does not allege that the mail in question was to or from his attorney. (ECF No. 8, at 4-5). The Court agrees.

As stated above, interference with legal mail "can implicate both the Sixth Amendment right to counsel and the First Amendment right of access to the [c]ourts." *McCutcheon*, 2024 WL 667642, at *2, *report and recommendation adopted*, 2024 WL 666482. "The right to counsel under the Sixth Amendment encompasses the right to have prison officials open and inspect privileged legal mail in the inmate's presence." *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 529, 576-77 (1974)). Privileged legal mail is defined as "mail to or from an inmate's attorney and identified as such." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Plaintiff does not allege in his complaint or objections that Defendant Prince opened and inspected his mail outside of his presence or that his petition for habeas corpus was addressed to his attorney. Accordingly, the Court finds that Plaintiff does not state a claim for interference with legal mail under the Sixth Amendment.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** Judge Ford's Report and Recommendations. (ECF No. 8). The Court **ADOPTS** Judge Ford's recommendation to dismiss Plaintiff's interference with legal mail claim under the Sixth Amendment. Plaintiff's interference with legal mail claim under the Sixth Amendment is **DISMISSED WITH PREJUDICE**. The Court **DECLINES TO ADOPT** Judge

Ford's recommendation to dismiss Plaintiff's denial of access to the courts claim.  Plaintiff's First Amendment access to the courts claim **REMAINS** in this case.

      **IT IS SO ORDERED**, this 9th day of December, 2025.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge
