IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HENRY DARNELL TURNER PLAINTIFF

v. Case No. 6:24-cv-06070

BRANDY PRINCE
*Mailroom Supervisor* DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation ("R&R") issued on June 30, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 26. Judge Ford recommended that Defendant's Motion to Dismiss (ECF No. 18) be granted, and Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice. ECF No. 26. Plaintiff filed an objection. ECF No. 29.[1] Upon finding a portion of the objection specific, the Court will review the record *de novo*. See Thompson v. Nix, 897 F.2d 356, 358 (8th Cir. 1990) (noting that an objection to a magistrate's R&R must be timely and specific to require a *de novo* review of the R&R). The Court finds this matter ripe for consideration.

On May 20, 2024, Plaintiff filed his Complaint against Defendant Brandy Prince alleging that Defendant Prince violated his constitutional rights while he was incarcerated in the Ouachita River Correctional Unit ("ORCU"). ECF No. 1, at 4. Plaintiff asserts that Defendant Prince, the ORCU mailroom supervisor, "mishandled or destroyed" two copies of his habeas corpus petition. ECF No. 1, at 4. Consequently, Plaintiff asserts that he was "denied the right to address the discrepancies to challenge and bring about social change," and "deprived [him] of the fundamental

[1] Plaintiff filed the objection a day late, but the Court will still consider it.

right to petition the court." ECF No. 1, at 4–5.

Judge Ford concluded that Plaintiff failed to state a plausible denial of access to courts claim because he failed to allege that he suffered prejudice or actual injury resulting from Defendant Prince's conduct. ECF No. 26, at 5. Judge Ford determined that Plaintiff did not assert that he missed a filing deadline, or that any particular court dismissed or refused to consider a pleading as a result of the single alleged mailing issue, or that he lost a nonfrivolous claim because of the incident. ECF No. 26, at 6. Judge Ford noted that Plaintiff has alleged only a single incident of mishandled mail and even taking that fact as true, that fact is insufficient to support a plausible denial of access-to-courts claim. ECF No. 26, at 7.

In objection, Plaintiff asserts that he did in fact suffer an "independent injury that's immediately cognizable outside the purview of 1997e(e)." ECF No. 29, at 2. Plaintiff argues that he "perceived the section as an issue for trial and not having to plead the actual injury in the complaint." ECF No. 29, at 2. In other words, Plaintiff is claiming that he did not assert a cognizable injury in his complaint because he did not think he had too until trial. ECF No. 29, at 2. Plaintiff claims that the cognizable injury he suffered from Defendant's actions was illness to the stomach that resulted in him having a loss of appetite along with other symptoms. ECF No. 29, at 2–3.

The Court agrees with Judge Ford. Here, Plaintiff has failed to demonstrate that he suffered an actual injury, "that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim" because of Defendant's actions. Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). The injuries that Plaintiff asserts in his objection are physical injuries. The injury required for a denial of access to courts claim is the hindrance of a nonfrivolous legal claim, not a physical injury.

See Hartsfield, 511 F.3d at 831. Therefore, Plaintiff has failed to allege sufficient facts to indicate that he suffered prejudice or actual injury resulting from Defendant Prince's conduct.

The Court also reviews for clear error the portions of the R&R to which no specific objection was made. Upon review, the Court concludes that those portions are neither erroneous nor contrary to law. Therefore, the Court adopts the R&R (ECF No. 26) in its entirety. Accordingly, Defendant's Motion to Dismiss (ECF No. 18) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of October, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge